# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN J. MIRCH and MARIE C. MIRCH,<br><br>         Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No.: 3:24-CV-721 TWR (DDL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING WITH PREJUDICE PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(ECF No. 6) |

  Presently before the Court is Defendant United States of America's Motion to Dismiss Plaintiffs' First Amended Complaint, ("Mot.," ECF No. 6), as well as Plaintiffs Kevin J. Mirch and Marie C. Mirch's Response in Opposition to ("Opp'n," ECF No. 9) and Defendant's Reply in Support of ("Reply," ECF No. 10) the Motion. On January 30, 2025, the Court held a hearing on the Motion. (*See* ECF No. 16.) Having carefully considered the Plaintiffs' First Amended Complaint ("FAC," ECF No. 5), the Parties' arguments, and the relevant law, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiffs' First Amended Complaint as follows.

## BACKGROUND

  Plaintiffs Kevin J. Mirch and Marie C. Mirch are attorneys who have represented taxpayers against the Internal Revenue Service ("IRS") in civil and criminal tax cases. (FAC ¶¶ 13, 15.) Specifically, Plaintiffs served as trial counsel in two criminal tax cases tried in Nevada: *U.S. v. Rutherford* in 2004 and *U.S. v. Forsythe* in 2007. (*Id.* ¶¶ 17, 22,

28.) Plaintiffs allege that they were targeted by the IRS in retaliation for these legal representations. (*Id.* ¶ 15.) In the years following James Forsythe's acquittal on November 1, 2007, (*id.* ¶ 46), Plaintiffs allege that they "have been subjected to relentless regulatory scrutiny, including, but not limited to IRS audits, assessments, [notices of federal tax liens,] and levies." (*Id.* ¶ 47.)

The majority of Plaintiffs' allegations stem from tax years 2006, 2007, and 2008. (*See generally id.*) On July 20, 2006, Defendant began an audit of Plaintiffs' 2004 federal income tax return, which was later closed on February 11, 2011, without adjustment or assessment. (*Id.* ¶ 37.) On September 27, 2007, Defendant began an audit of Plaintiffs' 2006 federal income tax returns, (*id.* ¶ 15), despite Plaintiffs having received an extension to file their 2006 tax return until October 15, 2007. (*Id.* ¶ 41.) On September 18, 2008, Defendant began an audit of Plaintiffs' 2007 income tax return. (*Id.* ¶ 71.) During these years, Plaintiffs allege that they overpaid their taxes, (*id.* ¶¶ 51, 61, 62), various IRS audits did not result in any adjustments or additional assessments, (*id.* ¶¶ 49, 57, 82, 91), and Defendant subsequently imposed unlawful penalties as a negotiating strategy to offset refunds due to Plaintiffs. (*Id.* ¶¶ 96, 103, 256, 305(D), 305(R).) Plaintiffs also allege that on January 6, 2010, Defendant issued a levy without first lawfully serving Plaintiffs with a notice of assessment, demand for payment, notice of federal tax lien, notice of intent to levy, or a Collection Due Process taxpayer rights letter. (*Id.* ¶¶ 87–88.) Further, Plaintiffs allege that Defendant retaliated against Plaintiffs from 2010 to 2020 by assessing various payroll tax liens and penalty tax liens. (*Id.* ¶¶ 98, 99, 100, 130, 131, 133, 148, 149, 156, 159, 252, 253, 257, 269, 283). Collectively, Plaintiffs allege that these actions demonstrate that "Defendant intentionally assessed penalties on income and payroll tax amounts it knew were not due." (*Id.* ¶ 70.)

On June 28, 2011, Plaintiffs filed a Petition with the United States Tax Court in which they disputed the assessment of Federal income tax deficiencies against them from 2004 to 2008 and alleged that Defendant did not properly mail them the required Statutory Notice of Deficiency ("SNOD"). *See Mirch et al. v. Comm'r,* Case No. 15305-11 at 3 (Jan.

7, 2013); (*see also* FAC ¶ 120.)  The Tax Court dismissed Plaintiffs' petition on January 7, 2013, finding that the court lacked jurisdiction over the petition, the petition was time barred, the IRS did in fact deliver the SNOD that Plaintiffs claimed not to have received, and Plaintiffs did not timely file a petition contesting the determinations in the SNOD.  *See Mirch*, Case No. 15305-11 at 4.  On appeal, the Ninth Circuit affirmed the decision of the United States Tax Court.  *See Mirch v. Comm'r,* 604 F. App'x 564, 565 (9th Cir. 2015).

Plaintiffs later filed[1] another petition with the United States Tax Court, alleging that the IRS's Notice of Determination upholding notices of federal tax liens filed for tax years 2004, 2006, and 2008 violated their Collection Due Process rights.  *See Mirch et al. v. Comm'r*, Case No. 16277-16L at 1 (June 16, 2023).  On June 16, 2023, the Tax Court granted partial summary judgment for the IRS, finding that Plaintiffs were precluded under the doctrine of collateral estoppel from claiming that the June 29, 2010 SNOD was invalid.  *See id* at 7.

On April 22, 2024, Plaintiffs filed their initial Complaint ("Compl.," ECF No. 1) against Defendant in the United States District Court for the Southern District of California, alleging two violations of 26 U.S.C. § 7433.  (*See generally* Compl.)  On July 23, 2024, before Defendant had answered the Complaint, Plaintiffs filed their operative First Amended Complaint, realleging two causes of action under Section 7433.  (*See generally* FAC.)  On August 6, 2024, Defendant filed the instant Motion.  (*See generally* Mot.)  On September 20, 2024, Defendant filed its Response, (*see generally* ECF No. 9), and on October 21, 2024, Plaintiffs filed their Reply. (*See generally* ECF No. 10).

**LEGAL STANDARD**

A party may challenge the court's subject matter jurisdiction through a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1), and the Court must dismiss the action when "the court determines at any time that it lacks subject matter jurisdiction."  *See* Fed.

---

[1]  The Tax Court's summary judgment opinion, attached to the Motion as Exhibit 3, does not specify the date on which Plaintiffs filed the underlying Petition.

R. Civ. P. 12(b)(1), (h)(3); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Because "[f]ederal courts are courts of limited jurisdiction," "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* The Court must first determine whether it has jurisdiction and must not reach the merits where jurisdiction is lacking. *See Bell v. Hood*, 327 U.S. 678, 682 (1946); *see also Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004).

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White*, 227 F.2d at 1242. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039; *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof[]'" and "prov[e] by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010); *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012)). "With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself." *Id.* at 1121–22 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Thornhill Publ'g*, 594 F.2d at 733). "The

caveat is that a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim." *Id.* at 1122 n.3 (citing *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine*, 704 F.2d at 1077).

## ANALYSIS

Plaintiffs allege two claims under Section 7433. Section 7433 creates a private right of action against the United States if "in connection with any collection of Federal tax . . . any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title." 26 U.S.C. § 7433(a); *see Shwarz v. U.S.*, 234 F.3d 428, 432 (9th Cir. 2000). Here, Plaintiffs premise their Section 7433 claims on Defendant's alleged violations of Internal Revenue Code ("IRC") §§ 6201, 6212, 6301, 6303, 6320–6331, 6672, and 7602(c)(1), as well as Internal Revenue Manual ("IRM") 4.8.9.11.02, IRM 0.9.1.9.1, IRM 8.25.1.4, IRM 5.1.1.12, and IRM 25.27.1. (*See* Compl. ¶¶ 303–04.) Plaintiffs also allege, in support of their Section 7433 claims, that Defendant violated "specific Tax Court Orders." (*Id.* ¶ 301.)

**I.  Exhaustion of Administrative Remedies**

As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" (quoting *United States v. King*, 395 U.S. 1, 4 (1969))). Where the United States has not consented to suit, the action must be dismissed because such consent is necessary for jurisdiction. *See Dunn & Black*, 492 F.3d at 1088. "To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007).

"[S]ection 7433's limited waiver to the government's sovereign immunity must be read narrowly." *Allied/Royal Parking L.P. v. U.S.*, 166 F.3d 1000, 1003 (9th Cir. 1999). An action under Section 7433 may only proceed if "the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1); *see Clark v. U.S.*, 462 Fed. App'x 719, 721 (9th Cir. 2011). In the Ninth Circuit, the exhaustion requirement of Section 7433 is jurisdictional. *See id.* (holding that "the district court did not have jurisdiction over [plaintiff]'s claims pursuant to [26 U.S.C. §7433], because [plaintiff] did not exhaust administrative remedies as required by §7433(d)(1)"); *see also Conforte v. United States*, 979 F.2d 1375, 1377 (9th Cir. 1992) ("[Plaintiff] may not bring this action against the United States under 26 U.S.C. §7433 without exhausting her administrative remedies," and her failure to do so deprived the court of jurisdiction.); *see also Clift v. IRS*, 214 F. Supp. 3d 1009, 1012 (W.D. Wash. 2016) ("Exhausting an administrative claim for damages within the IRS is a prerequisite to a successful action under 26 U.S.C. §7433," and Ninth Circuit precedent instructs that failure to exhaust administrative remedies deprives the court of jurisdiction.).

The administrative remedies which a plaintiff must pursue before filing suit against the United States under Section 7433 are detailed in 26 C.F.R § 301.7433-1(d)–(e). *See* 26 U.S.C. § 7433(d)(1). The regulation provides that "[a]n action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d) of this section." 26 C.F.R § 301.7433-1(a). Paragraph (e) specifies that a prospective plaintiff must send an administrative claim "in writing to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R § 301.7433-1(e)(1). The administrative claim must include the taxpayer's contact information, the grounds for the claim, a description of the injuries they incurred, the dollar amount of the claim, and the taxpayer's signature. *See* 26 C.F.R § 301.7433-1(e)(2). Paragraph (d) specifies that no action under the statute shall be

maintained in federal district court before the earlier of the following dates: "[t]he date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or [] [t]he date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section."  26 C.F.R § 301.7433-1(d)(1)(i)–(ii).

Plaintiffs argue in their Opposition that they exhausted all administrative remedies because they "regularly met with RA Lytle to provide substantiation and explanation." (Opp'n at 6:6–9; FAC ¶¶ 22–31.)  Because meeting and speaking with an IRS employee is not the administrative remedy proscribed by 26 C.F.R § 301.7433, this argument is without merit.  Plaintiffs also argue that the "[First Amended Complaint] alleges facts sufficient to satisfy at least two exceptions under Treas. Reg. 26 CFR § 301.7430-1(f)."  (Opp'n at 4:26–5:1.)  Plaintiffs, however, were required to exhaust their administrative remedies under 26 C.F.R. § 301.7433, and exceptions under § 301.7430 or any other unrelated statute do not excuse that requirement.

Nowhere in the First Amended Complaint do Plaintiffs allege that they filed the administrative claim required by 26 C.F.R § 301.7433-1(e) or waited for the period required by 26 C.F.R § 301.7433-1(d).  (*See generally* FAC.)  At the hearing held on January 30, 2025, Plaintiffs conceded that they did not file the requisite administrative claim before pursuing the instant cause of action.  (ECF No. 16.)  After the hearing, Plaintiffs filed a "Notice of Lodgment of Letter Re: Exhaustion of Administrative Remedies Re: Motion to Dismiss," ("Lodgment," ECF No. 17), including a letter sent on January 28, 2025 to the Internal Revenue Service Area Director pursuant to 26 C.F.R § 301.7433-1(e), attached to the Lodgment as Exhibit A.  The Lodgment demonstrates that Plaintiffs did not exhaust their administrative remedies *before* filing suit and are instead pursuing administrative remedies concurrently with the action before this Court.  Because Plaintiffs did not exhaust their administrative remedies before filing suit, as required by 26 C.F.R § 301.7433-1, this Court is without jurisdiction and **GRANTS** Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  Further, because Plaintiffs conceded that they did not exhaust their administrative remedies before filing

suit, the identified jurisdictional deficiency cannot be cured by amendment and the Court therefore **DISMISSES WITH PREJUDICE** Plaintiff's First Amended Complaint.

## II. Statute of Limitations

An action under Section 7433 "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). Under 26 C.F.R. § 301.7433-1(g)(2), a cause of action "accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."

Plaintiffs' allegations are admittedly difficult to follow. It appears, however, that the latest alleged collection activity in the First Amended Complaint which could give rise to a possible cause of action occurred on October 27, 2021, when Plaintiffs allege that "Defendant recorded a Revocation of Certification of Release of Federal Lien reinstating $122,348.82 of the 2006 and the 2008 liens." (FAC ¶ 273.) Absent any pleadings otherwise, Plaintiffs had a reasonable opportunity to discover the essential elements giving rise to their Section 7433 claim on October 27, 2021, the date of the recording. Each of the events in the First Amended Complaint alleged to have taken place following October 27, 2021 involve internal IRS communications, IRS record keeping, or legal filings in various related cases. None of these activities constitute "essential elements of a possible cause of action" under a Section 7433 claim. *See* 26 C.F.R. § 301.7433-(1)(g)(2).

Plaintiffs argue that on April 21, 2023, they discovered additional facts relevant to their claims and therefore had until April 21, 2025, to file suit. (Opp'n at 14.) On April 21, 2023, Defendant filed a motion for summary judgment in the Tax Court "which included six [] June 29, 2010 SNODs" and "substantially more documents. . . which Plaintiffs had never seen." (*Id.*) However, Plaintiffs do not allege that they first learned of the June 29, 2010 SNODs on April 21, 2023; on the contrary, they allege they have "contested the validity of the June 29, 2010 SNOD," (FAC ¶ 139), for more than a decade, including by way of a Tax Court petition that was ongoing in 2012. (*Id.* ¶¶ 126, 136, 137, 143.) Instead, Plaintiffs assert that the documents they saw for the first time on April 21, 2023, "gave Plaintiffs evidence that the IRS' wrongful conduct was intentional, an essential

element for a Section 7433." (Opp'n at 15.)  Intent, however, is not an essential element of a Section 7433 claim.  *See* 26 U.S.C. § 7433(a) ("If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service *recklessly* or *intentionally*, or by reason of *negligence*, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." (emphasis added)).  Plaintiffs' argument regarding newly discovered documentation on April 21, 2023, is therefore without merit.

Plaintiffs filed their initial Complaint on April 22, 2024, more than two years after Defendant recorded its Revocation of Certification of Release of Federal Lien on October 27, 2021.  Plaintiffs' claims are therefore barred by the temporal limitation in § 7433(d)(3).  Because such a pleading deficiency cannot be cured by amendment, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's claims.

## CONCLUSION

Plaintiffs did not exhaust their administrative remedies before filing suit as required by Section 7433 and, as such, the United States has not waived its sovereign immunity.  Further, Plaintiffs' claims are time barred under Section 7433.  Each of these bases independently require dismissal under Federal Rule of Civil Procedure 12(b)(1).  Generally, a dismissal under Rule 12(b)(1) should be without prejudice so that a plaintiff may reassert their claims in a competent court.  *See Freeman v. Oakland Unified School Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (holding that dismissals for lack of jurisdiction should be without prejudice).  However, neither Plaintiffs' failure to exhaust their administrative remedies nor the untimeliness of this action can be cured by further amendment of the Complaint.  *See Goldsmith v. IRS*, 2015 WL 1546813, No. 2:14-CV-01297-GMN-NJK, at *3 (D. Nev. Apr. 7, 2015) ("where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper") (citing *Frigard v. United States*,

/ / /

/ / /

862 F.2d 201, 204 (9th Cir. 1988)). As such, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiffs' claims.

**IT IS SO ORDERED.**

Dated:  February 6, 2025

Honorable Todd W. Robinson
United States District Judge